# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3590 | **DATE** | 7/28/2010 |
| **CASE TITLE** | Wayne A. Holmes vs. Kenneth C. Allen | | |

**DOCKET ENTRY TEXT**

Counts I through IV are dismissed with prejudice. Count V is dismissed without prejudice. The motions for leave to proceed *in forma pauperis* [4] and for appointment of counsel [5] are denied without prejudice.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, Wayne A. Holmes, filed this law suit against Kenneth C. Allen and "Chicago Local 1" (the court infers defendant is referring to his local chapter of the American Postal Workers Union ("APWU")) on June 10, 2010, along with motions for leave to proceed *in forma pauperis* ("IFP") and for appointment of counsel. In assessing any complaint the court must first decide whether it has jurisdiction over the subject matter of the law suit. *See Cook* v. *Winfrey* 141 F.3d 322, 325 (7th Cir. 1998) (citations omitted) (internal quotation marks omitted) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception."). It is well established that *pro se* complaints are to be liberally construed. *Haines* v. *Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). However, "a district court judge should deny leave to proceed *in forma pauperis* if an action is frivolous or malicious." *Wartman* v. *Branch 7, Civil Division, County Court, Milwaukee County, State of Wis.*, 510 F.2d 130, 134 (7th Cir. 1975); *accord Bryan* v. *Johnson*, 821 F.2d 455, 458 (7th Cir. 1987). A frivolous complaint is one that "make[s] no rational argument in law or facts to support [petitioner's] claim for relief." *Jones* v. *Morris*, 777 F.2d 1277, 1279-80 (7th Cir. 1985). Because the facts asserted do not present any claims that could be sustained under the laws upon which plaintiff rests, the complaint must be dismissed.

According to the complaint, on September 18, 1997, plaintiff received from the United States Postal Service ("USPS") certification as an individual with severe disabilities. He began working for USPS part-time as a Level 4 Flexible Mail Processor. On October 18, 2003, plaintiff received a notice of promotion to Level 5 City Letter Carrier. Plaintiff then requested disability certification for the new position. USPS did not certify him, so plaintiff requested to be placed in a Laborer Custodial position. Plaintiff was placed a Level 3 Laborer Custodial position on July 24, 2004. At relevant times, plaintiff was a member in good standing of APWU, the exclusive bargaining representative for plaintiff (and other employees) of USPS. The annual base salary for the Level 5 position would have been $45,549 and the Level 3 position was only $33,593.

| STATEMENT |
|---|

Plaintiff believes that under the USPS's Employment and Labor Relations Manual, he is entitled to "save grade," which would allow him to be paid at the higher salary.

Plaintiff filed a grievance, and he received notice of a grievance hearing set for January 11, 2010. Plaintiff does not allege any events occurring after the date he received notice of this hearing, such as whether he attended the hearing, whether APWU represented him or what, if any, actions APWU took against him.[1] The court assumes, however, that his grievance was denied. Plaintiff believes APWU discriminated against him by failing to take his grievance to arbitration. He names other individuals whom APWU represented at arbitration who were able to obtain a save-grade decision. Plaintiff alleges that APWU retaliated against him for having previously filed a charge with the Equal Employment Opportunity Commission ("EEOC") and a federal law suit alleging discrimination[2] and for running in 2008 for an APWU position of Local Director of Maintenance, a position held by defendant Kenneth C. Allen and for joining in 2008 a class grievance filed with the labor board (presumably, the National Labor Relations Board). Plaintiff apparently filed another grievance concerning the same save-grade issue at some later time. He received notice that the grievance would be heard on January 11, 2010. Again, plaintiff does not allege any events occurring after the date he received notice of this hearing, such as whether he attended the hearing, whether APWU represented him or what, if any, actions APWU took against him.

In Count I, plaintiff alleges, although inartfully, that his union breached its duty of fair representation under section 301 of the Labor Management Relations Act of 1947 ("NLRA"), codified at 29 U.S.C. § 185 *et seq.*, by arbitrarily and discriminatorily refusing to take his grievance(s) to arbitration. *See Vaca* v. *Sipes*, 386 U.S. 171, 194, 87 S. Ct. 903, 17 L. Ed. 2d 842 (1967) ("In administering the grievance and arbitration machinery as statutory agent of the employees, a union must, in good faith and in a nonarbitrary manner, make decisions as to the merits of particular grievances."). Apart from the problem that a claim of this sort must be brought against both the employer and the union, *see Neal* v. *Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003), any such claim must be brought within six months of the breach. *Johnson* v. *Graphic Commications Int'l Union*, 930 F.2d 1178 (7th Cir. 1991). Since the breach in this case, *i.e.*, the defendants' refusal to take plaintiff's save-grade grievance to arbitration, occurred in 2004, this claim is barred.

Count II is a claim of violation of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA"), codified at 29 U.S.C. § 401 *et seq.*, and his First Amendment right of free speech. Plaintiff relies on *Kinslow* v. *APWU*, 222 F. 3d 269 (7th Cir. 2000), apparently for doctrine that a union is required to make information related to the financial affairs of unions available to members and may not retaliate against a member for exercising his free speech rights. Plaintiff does not allege denial of access to union financial records. His free speech claims is merely a recasting of his retaliation claim, which is the same as his section 301 breach of the duty of fair representation claim. *Id.* at 277 ("Although [plaintiff's] claim is for retaliation based on the exercise of his LMRDA free speech rights, it is a hybrid claim in the sense that the harm [he] suffered stemmed from both his employer's denial of overtime and the Union's failure to grieve the wrong. Such claims are usually brought against the Union in suits for breach of the duty of fair representation and against the employer for breach of the collective bargaining agreement."). This claim is dismissed because it is duplicative of Count I.

Count III is a claim under section 8(a)(1) of the NLRA, 29 U.S.C. § 158(a)(1) and section 7 of the NLRA, 29 U.S.C. § 157. Section 8(a)(1) prohibits interference with, restraint or coercion of employees in the exercise of the rights guaranteed by section 7. Section 7 protects the right of employees to self-organize, to form, join, or assist labor organizations, to bargain collectively, and to engage in concerted activities for their

| STATEMENT |
|---|

mutual aid or protection. It also protects employees' right to refrain from such activities. Plaintiff alleges that he was restrained from running for union office; that he was coerced when the defendant returned his grievance by mailing it to his home address; that he was assisting the union by mailing his grievance to the union office; and that he was engaged in concerted activity when he joined a class grievance against the union. Apart from whether this court would have original jurisdiction over these alleged unfair employment practices, plainly, these allegations are another attempt to recast his section 301 claim. Section 7's protections are against an employer's, not a union's, unfair labor practices. This claim is dismissed.

Count IV is a claim under section 504 of the Rehabilitation Act of 1973, codified at 29 U.S.C. § 794 *et seq*. The Rehabilitation Act protects against discrimination based on disability by federal governmental entities, the USPS, and other programs receiving federal financial assistance. The APWU is not such an entity. Count IV must be dismissed.

Count V claims discrimination based on disability in violation of the Americans with Disabilities Act, codified at 42 U.S.C. § 12101 *et seq*. Plaintiff appears to be alleging discrimination based on disability in regard to the refusal to take his grievance to arbitration. This happened several years ago. A notice of right to sue from the Employment Opportunity Commission ("EEOC") is a prerequisite to filing a claim under the ADA in this court. *See* 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f)(1). A plaintiff must demonstrate that he has received a notice of right to sue from the EEOC and filed suit within 90 days of receiving that notice, or, at a minimum, explain that he has requested a right to sue but has for some reason been unable to obtain one. *See Houston* v. *Sidley & Austin*, 185 F.3d 837, 838 (7th Cir. 1999); *Anderson* v. *Bd. of Regents of the Univ. of Wisconsin Sys.,* 140 F.3d 704, 706 (7th Cir. 1998) ("The equitable tolling doctrine allows suspension of a limitations period 'when the prospective plaintiff simply does not have and cannot with due diligence obtain information essential to bringing a suit.' (quoting *Wolin* v. *Smith Barney Inc.,* 83 F.3d 847, 852 (7th Cir.1996))). If, with respect to any charge plaintiff may have filed with the EEOC, he has not yet received a notice of right to sue, he may request a notice of right to sue from the EEOC. If he receives a notice of right to sue, he may refile his ADA claim against the union (not individuals within the union, *see Silk* v. *City of Chi.*, 194 F.3d 788, 797 n.5 (7th Cir. 1999)) within 90 days of receipt of the notice using the form Complaint of Employment Discrimination available on the court's web site or in the Clerk's office. This claim is dismissed without prejudice.

1. Although plaintiff alleges that the documents supporting his complaint are attached, they are not.

2. This court's electronic docket system, dating from before June 24, 2004, the date plaintiff alleges APWU began to represent him, does not reflect any law suit other than the instant one, filed by a Wayne Holmes.