# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3590 | **DATE** | 8/3/2010 |
| **CASE TITLE** | Holmes vs. Allen | | |

**DOCKET ENTRY TEXT**

The minute order entered on 7/28/2010 [6] is vacated and this minute order is entered in its place. Counts I-IV and VI are dismissed with prejudice. Count V is dismissed without prejudice. The motion for leave to proceed in forma pauperis [4] and the motion for appointment of counsel [5] are denied without prejudice. Case dismissed. Civil case terminated.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

Plaintiff, Wayne A. Holmes, filed this law suit against Kenneth C. Allen and Local 1, June 10, 2010, along with a motion for leave to proceed in forma pauperis (IFP) and a motion for appointment of counsel. In assessing any complaint the court must first decide whether it has jurisdiction over the subject matter of the law suit. *See Cook* v. *Winfrey* 141 F.3d 322, 325 (7th Cir.1998) (internal quotation marks and citations omitted) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception."). It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 945 (1972). However, "a district court judge should deny leave to proceed *in forma pauperis* if an action is frivolous or malicious." *Wartman v. Branch 7, Civil Division, County Court, Milwaukee County, State of Wisconsin*, 510 F.2d 130, 134 (7th Cir. 1975), *principle reaffirmed in Bryan v. Johnson*, 821 F.2d 455, 458 (7th Cir. 1987). A frivolous complaint is one in which "the petitioner can make no rational argument in law or facts to support his or her claim for relief." *Williams v. Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988), *aff'd sub nom Neitzke v. Williams*, 490 U.S. 319 (1989). Because the facts asserted do not present any claims that could be sustained under the laws upon which plaintiff rest, the complaint must be dismissed.

According to the complaint, on September 18, 1997, plaintiff received from the United States Postal Service (USPS) certification as an individual with severe disabilities. He began working for USPS as a Level 4 Part time Flexible Mail Processor. On October 18 2003, plaintiff received a notice of promotion to Level 5 City Letter Carrier. Plaintiff then requested disability certification for the new position. USPS did not certify him, so plaintiff requested to be placed in a Laborer Custodial position. Plaintiff was placed a Level 3 Laborer Custodial position on July 24, 2004. At relevant times, plaintiff was a member in good standing of The American Postal Workers Union (APWU), the exclusive bargaining representative for plaintiff (and other employees) of USPS. The annual base salary for the Level 5 position would have been $45,549 and the

Level 3 position was only $33,593. Plaintiff believes that under the USPS's Employment and Labor Relations Manual, he is entitled to "save grade" which would allow him to be paid at the higher salary.

Plaintiff filed a grievance, and he received notice of a grievance hearing set for January 11, 2010. Plaintiff does not allege any events occurring after the date he received notice of this hearing, such as whether he attended the hearing, whether APWU represented him or what, if any, actions APWU took against him.[1] The court infers, however, that, whatever happened, his grievance was denied. Plaintiff believes APWU discriminated against him by failing to take his grievance to arbitration. He names other individuals whom APWU represented at arbitration who were able to obtain a save-grade decision. Plaintiff alleges that APWU retaliated against him for having previously filed a charge with the Equal Employment Opportunity Commission (EEOC) and a federal law suit alleging discrimination[2] and for running in 2008 for a APWU position of Local Director of Maintenance, a position held by defendant Kenneth C. Allen and for joining in 2008 a class grievance filed with the labor board (NLRB, presumably). Plaintiff apparently filed another grievance concerning the same save-grade issue at some later time. He received notice that the grievance would be heard on January 11, 2010. Again, plaintiff does not allege any events occurring after the date he received notice of this hearing, such as whether he attended the hearing, whether APWU represented him or what, if any, actions APWU took against him. The court assumes that APWU, Local 1, although not named as defendant, is the suable entity under section 301..

In Count I, plaintiff alleges, although inartfully, that his union breached its duty of fair representation under section 301 of the Labor Management Relations Act of 1947 (NLRA), 29 U.S.C. § 185, by arbitrarily and discriminatorily refusing to take his grievance(s) to arbitration. *See Vaca* v. *Sipes*, 386 U.S. 171, 194, 87 S.Ct. 903, 919 (1967) ("In administering the grievance and arbitration machinery as statutory agent of the employees, a union must, in good faith and in a nonarbitrary manner, make decisions as to the merits of particular grievances."). Apart from the problem that a claim of this sort must be brought against both the employer and the union, *see Neal* v. *Newspaper Holdings, Inc*., 349 F.3d 363 368 (7thCir. 2003), any such claim must be brought within six months of the breach. *Johnson* v. *Graphic Commications Int'l Union*, 930 F.2d 1178 (7th Cir. 1991). Since the breach in this case, *i.e.* the defendants' refusal to take plaintiff's save grade grievance to arbitration, occurred in 2004, this claim is barred.

Count II is a claim of violation of the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 411, and his First Amendment right of free speech. Plaintiff relies on *Kinslow* v. *APWU*, 222 F. 3d 269 (7th Cir. 2000), apparently for doctrine that a union is required to make information related to the financial affairs of unions available to members and may not retaliate against a member for exercising his free speech rights. Plaintiff does not allege denial of access to union financial records. His free speech claims is merely a recasting of his retaliation claim, which is the same as his section 301 breach of the duty of fair representation claim. *Id*. at 277 ("Although [plaintiff's] claim is for retaliation based on the exercise of his LMRDA free speech rights, it is a hybrid claim in the sense that the harm [he] suffered stemmed from both his employer's denial of overtime and the Union's failure to grieve the wrong. Such claims are usually brought against the Union in suits for breach of the duty of fair representation and against the employer for breach of the collective bargaining agreement."). This claim is dismissed because it is duplicative of Count I..

Count III is a claim under section 8(a)(1) of the NLRA, 29 U.S.C. § 158(a)(1) and section 7 of the NLRA, 29 U.S.C. § 157. Section 8(a)(1) prohibits interference with, restraint or coercion of employees in the exercise of the rights guaranteed by section 7. Section 7 protects the right of employees to self-organize, to form, join, or assist labor organizations, to bargain collectively, and to engage in concerted activities for their mutual aid or protection. It also protects to right to refrain from such activities. Plaintiff alleges that he was

restrained from running for the union office, that he was coerced when the defendant returned his grievance by mailing it to his home address; that he was assisting the union by mailing his grievance to the union office; and that he was engaged in concerted activity when he joined a class grievance against the union. Apart from whether this court would have original jurisdiction over these alleged unfair employment practices, plainly, these allegations are another attempt to recast his section 301 claim. Section 7's protections are against employer, not union, unfair labor  practices.  This claim is dismissed.

Count IV is a claim under section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.*et seq*. The Rehabilitation Act protects against discrimination based on disability by federal governmental entities, the USPS, and other programs receiving federal financial assistance. There is no reasons to believe that the APWU is such an entity.  Count IV must be dismissed.

Count V claims discrimination based on disability in violation of the Americans With Disabilities Act, 42 U.S.C. §§ 12101 *et seq*.  Plaintiff appears to be alleging discrimination based on disability in regard to the refusal to take his grievance to arbitration.  This happened several years ago. Because a notice of right to sue is a prerequisite to filing a complaint in this court, 42 U.S.C. § 2000e-5(f)(1), plaintiff must demonstrate that he has received a notice of right to sue from the Equal Employment Opportunity Commission EEOC or at a minimum explain that he has requested a right to sue but has for some reason been unable to obtain one. *See Anderson v. Board of Regents of the Univ. of Wisconsin Sys.,* 140 F.3d 704, 706 (7th Cir.1998), quoting *Wolin v. Smith Barney Inc.,* 83 F.3d 847, 852 (7th Cir.1996)) (Under the doctrine of equitable tolling, a limitations period may be suspended "when the prospective plaintiff simply does not have and cannot with due diligence obtain information essential to bringing a suit.").   Because a notice of right to sue is a prerequisite to filing a complaint in this court, 42 U.S.C. § 2000e-5(f)(1), 42 U.S.C. § 12117(a), plaintiff must demonstrate that he has received a notice of right to sue from the EEOC or at a minimum explain that he has requested a right to sue but has for some reason has been unable to obtain one. If, with respect to any charge plaintiff may have filed with the EEOC, he has not yet received a notice of right to sue, he may request a notice of right to sue from the EEOC.  If he receives a notice of right to sue, he may refile his ADA claim against the union (not individuals within the union, *see Silk* v. *City of Chicago*, 194 F.3d 788, 797 n.5 (7th Cir. 1999)) within 90 days of receipt of the notice  using the form Complaint of Employment Discrimination available on the court's web site or in the Clerk's office.  This claim is dismissed without prejudice.

Count VI seeks to enforce plaintiff's contractual right to have his grievance arbitrated.  Because the statute of limitations has expired on his claim, however, this count must also be dismissed with prejudice.

1.Although plaintiff alleges that the documents supporting his complaint are attached, they are not.

2.This court's electronic docket system, dating at least to June 24, 2004, the date plaintiff alleges APWU began to represent him, does not reflect any law suit other than the instant one, filed by a Wayne Holmes.